*Traylor v. Town of Waterford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

Sylvester Traylor,

> *Plaintiff-Appellant,*

> v.                                                              24-691

Town of Waterford, Law Office of Lloyd Langhammer, LLC, PHH Mortgage Corporation, Anthony Colvert Basilica, Juris No. #437122, Anthony R. Basilica,

Juris No. #101989, Alan Wilensky, Tax Collector for Town of Waterford, Steven P. Cardelle, Building Official for Town of Waterford, State of Connecticut, (on behalf of Judge Francis Foley, and Judge Kevin Murphy, Judge Karen Goodrow, Judge Youngs J., Knox J. and the New London Superior Court), Housing Session of the Connecticut Superior Court, Yona Gregory, Attorney, Pacciuco LLC., Patrick Saint Jean, owner of Pacciuco LLC,

                    *Defendants-Appellees*,

Anthony Colvert Basilica Sr., Anthony Colvert Basilica, Jr., Patrick Saint Jean, Owner of Pacciuco LLC,

                    *Defendants.*
_____

FOR PLAINTIFF-APPELLANT:          Sylvester Traylor, *pro se*, Quaker Hill, CT.

FOR DEFENDANT-APPELLEE PHH         Christa A. Menge, Stradley Ronon
MORTGAGE CORPORATION:              Stevens & Young, LLP, New York, NY.

FOR DEFENDANTS-APPELLEES TOWN      Scott R. Ouellette, Williams, Walsh
OF WATERFORD, ALAN WILENSKY,       & O'Connor, LLC, North Haven,
STEVEN P. CARDELLE, AND LAW        CT.
OFFICE OF LLOYD LANGHAMMER:

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Sylvester Traylor appeals from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*) granting Defendants-Appellees' motions to dismiss. The relevant facts are as follows.

The Town of Waterford, Connecticut (the "Town") foreclosed on Traylor's home after he failed to pay property taxes. *See generally Town of Waterford v. Traylor*, No. CV-18-6037728S, 2021 WL 1827161 (Conn. Super. Ct. Apr. 14, 2021). Because its fair market value of $240,000 appeared to exceed the debt owed, the property was scheduled for a foreclosure by sale.[1] The winning bid (out of 19) was $150,000.

The state court approved the sale. However, in a supplemental judgment, the court determined that Traylor owed $164,180.88 for unpaid taxes, attorney's

---

[1] In Connecticut, "foreclosure by sale is the preferred 'decree' in situations in which the property's fair market value exceeds the debt." *Toro Credit Co. v. Zeytoonjian*, 267 A.3d 71, 80 (Conn. 2021).

fees, unpaid sewer use charges, and interest. After the clerk of court paid $7,905.51 for services related to the sale, the clerk paid the remainder of the sale proceeds ($142,094.49) to the Town.

Traylor sued the Town and other defendants not involved in this appeal, alleging (among other things) that, under *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the Town committed an improper taking by selling his property for under market value without compensating Traylor for the remaining equity he held in his home. The district court granted the defendants' motions to dismiss, reasoning that the takings claim was without merit, dismissing many of Traylor's other federal claims under the *Rooker-Feldman* doctrine (or on various other procedural grounds), and declining to exercise supplemental jurisdiction over the state law claims because no federal claims remained. *See generally Traylor v. Pacciuco, LLC*, No. 3:23-cv-00329 (JAM), 2024 WL 839523 (D. Conn. Feb. 28, 2024). Traylor appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.[2]

On *de novo* review, we conclude that the district court correctly dismissed

---

[2] Traylor has not objected to the dismissal of many of his claims, and so we assume those claims and arguments are abandoned and need not discuss them further. *See Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam).

Traylor's complaint—and, specifically, we agree that Traylor does not have a takings claim. Under *Tyler*, a plaintiff may state a takings claim for the surplus value of a property after a tax foreclosure and subsequent sale because "a government may not take more from a taxpayer than she owes." 598 U.S. at 639. But here, the foreclosure sale price of the home did not exceed the amount due. Although Traylor suggests that the Town had some obligation to ensure if possible that the foreclosure sale price equaled or exceeded the fair market value, he does not adequately allege any conduct by the Town that might have negatively affected the sale price, and he does not otherwise explain (beyond some stray conclusory allegations) how or why the Town would want to ensure a lower sale price rather than a higher one. *Cf. BFP v. Resolution Tr. Corp.*, 511 U.S. 531, 548–49 (1994) (explaining that "foreclosure has the effect of completely redefining the market in which the property is offered for sale," under which "the only legitimate evidence of the property's value at the time it is sold is the foreclosure-sale price itself").

We reach two other issues that Traylor emphasizes in his brief. First, to the extent the district court acknowledged that some of his allegations—including those pertaining to hate mail he allegedly received—were "disturbing if true," the

district court was describing a potential state law claim over which it declined to exercise supplemental jurisdiction. *Traylor*, 2024 WL 839523, at *7 n.38. That use of conditional language does not suggest that the district court failed to treat the allegations of Traylor's complaint as true for purposes of the claims the court considered. And in any event, we have reviewed *de novo* without deferring to the district court's assessment of his claims. Second, Traylor's concerns about the nature of the district court's decision to decline to exercise supplemental jurisdiction are unfounded because that dismissal was without prejudice, and the district court did not suggest otherwise. *See* Fed. R. Civ. P. 41(b) (observing that a dismissal for lack of jurisdiction is without prejudice); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice." (citation omitted)).

We have considered Traylor's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6